UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MEDALLION HOME AT MT DORA,
LLC, a Florida Limited Liability Company,

          Plaintiff,

Case No. 5:23-cv-00378

v.

CITY OF MOUNT DORA, FLORIDA, a
Florida municipal corporation,

          Defendant.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1367, 28 U.S.C. § 1441, 28 U.S.C. § 1446, and Middle District Local Rule 1.06, removes this action to federal court as follows:

1.    On January 18, 2022, plaintiff commenced this action in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, under case number 35-2022-CA-000052, by filing in the state court its initial Complaint for Declaratory Relief and Inverse Condemnation. Dk. 1-3, State Court Other Docs., p. 4. On March 10, 2022, defendant filed a Motion to Dismiss the initial Complaint. *Id.*, p. 39. Plaintiff did not file a response to the motion. Instead, on May 13, 2022, plaintiff filed an Amended Complaint. Dk. 1-1. The Amended Complaint asserts

declaratory relief claims (Counts I and II), and an Inverse Condemnation claim (Count III).

2.  On June 12, 2023, plaintiff filed a Response to Motion to Dismiss Amended Complaint. Dk. 1-3, p. 221. Plaintiff therein made clear that Count III of its Amended Complaint asserts a federal law claim, namely through its reliance on the United States Supreme Court cases of *Koontz v. St. Johns River Water Management District*, 570 U.S. 595 (2013), *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994), and the Response's reference (among other assertions) to "[t]he *Koontz* takings claim, asserted by [plaintiff] Medallion. . . ." *Id.*, p. 254 (resp., p. 34). Medallion also asserts: "Medallion's inverse condemnation claim in Count Ill is, thus, an 'exaction' issue per *Nollan* and *Dolan*, *supra*, as well as an "illegal tax.' " *Id.*, p. 258 (resp., p. 38) (citing *Koontz*, 570 U.S. at 615). Such references and assertions were not included in the Amended Complaint.

3.  As it has become apparent that the Amended Complaint asserts a federal claim, i.e., a claim under the Fifth Amendment of the United States Constitution, this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441, as this dispute raises a federal question.

4.  Pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1441, this Court has jurisdiction to determine the state law issues raised in the Amended Complaint, which are related to the federal claim asserted under Count III.

5.  Pursuant to 28. U.S.C. §144l, and Local Rules 1.02 and 4.02, removal is proper to the Ocala Division of the Middle District of Florida, as the state court action was filed in Lake County.

6.  In accordance with 28 U.S.C. §1446, this notice is timely as this matter is being removed within thirty (30) days of service of the above Response upon defendant.

WHEREFORE, defendant removes this action to this Honorable Court.

Respectfully submitted this 17th day of June, 2023.

                ROPER, P.A.

By:   /s/ Dale A. Scott
       Michael J. Roper, Esq.
       Fla. Bar No. 0473227
       Dale A. Scott, Esq.
       Fla. Bar No. 0568821
       dscott@roperpa.com
       ehemphill@roperpa.com
       2707 E. Jefferson St.
       Orlando, FL 32803
       Tel:  407-897-5150
       Fax:  407-897-3332
       Counsel for City of Mount Dora

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished via the e-mail on this 17th day of June, 2023, to:

S. William Moore, Esq.
bmoore@mbrfirm.com
ksasse@mbrfirm.com
ksewell@mbrfirm.com
Moore Bowman & Reese, P.A.
551 N. Cattlemen Rd., Ste. 100
Sarasota, FL 34232
Counsel for Medallion Home at Mt. Dora, LLC

                              By:   /s/ Dale A. Scott
                                      Dale A. Scott, Esq.